```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

**CHRISTOPHER NORTHRUP, et al.,**

    **Plaintiffs,**

**v.**                                       **CIVIL ACTION No. 1:14-6079**

**JOHN D. GILLS, et al.,**

    **Defendants.**

<u>**MEMORANDUM OPINION AND ORDER**</u>

    Pending before the court is plaintiffs' motion for leave to amend its Complaint. (Doc. No. 22). In the motion to amend, plaintiffs seek leave of the court to elaborate upon their allegations concerning the EMS personnel. The EMS defendants oppose the proposed amendment.

    Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend its pleading "once as a matter of course at any time before a responsive pleading is served . . . [o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  In <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962), the United States Supreme Court noted that amendment under Rule 15(a) should be freely given absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."

However, "[o]nce the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b) [of the Federal Rules of Civil Procedure]. If the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a)." Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D.W. Va. 1995) (citing Lone Star Transp. Corp. v. Lafarge Corp., Nos. 93-1505, 93-1506, 1994 WL 118475 (4th Cir. April 7, 1994)). Because the motion to amend was filed prior to the deadline for the amendment of pleadings contained in the scheduling order, Rule 16(b)'s good cause requirement need not be satisfied in this instance.

After a review of the record, the court concludes that there has been no undue delay, bad faith, or dilatory motive on the part of plaintiffs in filing their motion to amend. Furthermore, the court finds that defendants would not suffer undue prejudice by the filing of the amended complaint. Indeed, the only 15(a) factor really implicated, and the one on which defendants base the majority of their opposition to the proposed amendment, is whether such an amendment would be futile.

At this juncture, the court cannot find that plaintiffs' claims against the EMS defendants are futile. While the claims may ultimately be subject to dismissal or the entry of judgment in defendants' favor, it is not clear at this point in the

proceeding that such a claim is futile.  See, e.g., Smithfield Foods, Inc. v. United Food & Commercial Workers Intern. Union, 254 F.R.D. 274, 280 (E.D. Va. 2008) ("Further, even where the possibility of relief is remote, leave to amend is to be permitted because it is the possibility of recovery, and not its likelihood, that guides this Court's analysis.").

Based on the foregoing, plaintiffs have established that they are entitled under Rule 15 to amend their Complaint. Accordingly, the motion to amend is **GRANTED** and the Clerk is directed to file the amended complaint (attached to the motion to amend).  Furthermore, because of the court's ruling on the motion to amend, defendants' motion to dismiss (Doc. No. 12) is **DENIED** without prejudice as moot.[*]  If they choose, defendants may renew their motion to dismiss by refiling the same motion or file a new motion responsive to the amended complaint if appropriate.

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

---

[*] "As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect." Young v. City of Mt. Ranier, 238 F.3d 567, 572 (4th Cir. 2001). "Thus, a defendant's previous motion to dismiss is rendered moot when a plaintiff files an amended complaint." Sennott v. Adams, C/A No. 6:13-cv-02813-GRA, 2014 WL 2434745, *3 (D.S.C. May 29, 2014) (declining to consider defendants' motion to dismiss as applicable to amended complaint "[d]ue to complexity of this case, and because Plaintiff's amendments seek to remedy the defects raised in Defendants' Motion to Dismiss").

3

**IT IS SO ORDERED** this 2nd day of September, 2014.

ENTER:

David A. Faber
Senior United States District Judge